UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL BOBOWSKI, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 3:22-cv-930 (KAD) |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| Respondents. | : | |

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge:

The Petitioner, Michael Bobowski ("Bobowski"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bobowski contends that he has not been awarded Earned Time Credits to which he is entitled under the First Step Act and, if such credits were awarded, he would be eligible for release from custody. For relief, he asks the Court to "enjoin the respondents from their unlimited delay respecting the Earned Time Credits under the First Step Act." (Doc. No. 1 at 17).

In response to the Court's order to show cause, the Respondents stated that all earned time credits have been awarded to Bobowski and that he was scheduled to be released from custody on September 6, 2022. The Respondents specifically argue that because Bobowski has already been provided "all time-credit earned, the habeas petition should be dismissed." (Doc No. 7 at 3) The Inmate Locator function on the Bureau of Prison's website confirms that Bobowski was released on September 6, 2022.[1]

---

[1] The Court takes judicial notice of this publicly available document. *See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc*., 369 F.3d 212, 217 (2d Cir. 2004); *Kavowras v. New York Times Co*., 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings."). The Bureau of Prison's Inmate Locator can be found at: https://www.bop.gov/inmateloc/. Bobowski's Bureau of Prison's Register Number is 26016-014. (Doc. No. 7-1 at 1)

As there is no relief the Court can now afford him, Bobowski's petition (Doc. No. 1) is **DISMISSED** as moot. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("There is . . . no case or controversy, and a suit becomes moot, when the issues presented are no longer 'live' . . ., [when] the parties lack a legally cognizable interest in the outcome . . ., [or otherwise] when it is impossible for a court to grant any effectual relief whatever to the prevailing party.") (internal quotation marks omitted).[2] The Clerk of the Court is directed to enter judgment and close this case.

 **SO ORDERED** at Bridgeport, Connecticut, this 12th day of September 2022.

     __/s/ Kari A. Dooley_____
     KARI A. DOOLEY
     UNITED STATES DISTRICT JUDGE

---

[2] "Under Article III of the U.S. Constitution, [w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action." *Doyle v. Midland Credit Mgmt., Inc*., 722 F.3d 78, 80 (2d Cir. 2013). "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp*., 546 U.S. 500, 506 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). *See also Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("[I]f an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.").